UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROGER A. STARKEY, | ) | CASE NO.: 5:08CV403 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| CITY OF AKRON, et al., | ) | (Resolving Doc. 3) |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Defendants' Motion to Dismiss the pro se Complaint filed by Plaintiff Roger A. Starkey under Fed. R. Civ. P. 12(b)(6). Starkey responded in opposition to the motion.

The Court has been advised, having reviewed the motion, response, pleadings, and applicable law. For the reasons stated below, it is determined that Defendants' Motion is GRANTED. Starkey's Complaint is hereby DISMISSED.

**FACTS**

On February 19, 2008, Starkey filed suit against the City of Akron, the Summit County Public Library, and the City of Akron Law Department (collectively "the City"). In a one page complaint, Starkey asserted claims for defamation, harassment, discrimination, wrongful imprisonment, and illegal prosecution. It also appears that Starkey alleged that his First Amendment rights were infringed by the City. On March 25, 2008, the City moved to dismiss the complaint. Starkey responded in opposition to that motion on March 31, 2008. The matter now appears before this Court.

**APPLICABLE LAW**

**Motion to Dismiss based on 12(b)(6)**

When reviewing a Rule 12(b)(6) motion to dismiss, this Court "must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of [its] claims that would entitle [it] to relief."  *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)).  If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor.  *Id.*  This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations.  *Id.*

Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions.  *Id.*  Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)(quotations omitted).

A liberal construction of Starkey's complaint mandates dismissal of this action. The allegations of Starkey's complaint read as follows:

> Roger A. Starkey is filing suit on the City of Akron for Fifty Million Dollars for: slander, Harassment, Defamation of Char, Discrimination, Elegal Prosicution, Wrongful Imprisonment, Pain and Suffering, Punitive Damages, and Targeting myself as a sex-offender.  Under the Freedom of Information Act No Public Library can issue a bann on any person or persons.  A bann is both unconstitutional and Elegal by Federal Law.  The First Ammendment protects the freedom of speech.  No one has the right to dectate how a person speeks to or what the speek to them about.  The local government had no business Roger A. Starkey and just created a conflicked.  (Doc. 1 (Errors sic.))

2

3

While Starkey has identified numerous causes of action, he has alleged no operative facts in support of any of his claims. As such, the complaint contains no direct or inferential allegations that, if accepted as true, would permit Starkey to recover. The City's Motion to Dismiss, therefore, has merit.

**CONCLUSION**

The City's Motion to Dismiss is GRANTED. Starkey's complaint is dismissed for failure to state a claim upon relief can be granted.

So ordered.


<u>April 11, 2008</u>　　　　　　　　　　　<u>　　/s/ Judge John R. Adams　　　　</u>
Date　　　　　　　　　　　　　　　　JUDGE JOHN R. ADAMS
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT